1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL LA VANN PIERRE,

11          Plaintiff,                    No. CIV S-07-1997 FCD GGH PS

12      vs.

13   CITRUS HEIGHTS POLICE DEPT., et al.,

14          Defendants.          ORDER AND FINDINGS AND

15                               RECOMMENDATIONS

16   _____/

17          Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority

18   pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this

19   court by Local Rule 72-302(c)(21).  Plaintiff has filed an in forma pauperis affidavit in which he

20   states that he is presently employed and that his take-home monthly earnings are $1,650.00.

21          Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil

22   action in federal district court.  28 U.S.C. § 1914(a).  The court may authorize the

23   commencement of an action "without prepayment of fees or security therefor" by an individual

24   who submits an affidavit evidencing an inability to pay such fees or give security therefor.  28

25   U.S.C. § 1915(a).  Although plaintiff also states that his daughter is dependent on him for

26   support, and he contributes $425 per month for that support, he has made an inadequate showing

1

of indigency in the affidavit before the court.  Plaintiff normally would be granted twenty days in which to submit the appropriate filing fee to the Clerk of the Court; however, the court finds that the action may not proceed upon the filed complaint.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The complaint is 40 pages long and contains plaintiff's version of the history of the driver's license, along with vague ramblings and tangential references to unrelated law.  It is not until page 13 that plaintiff alleges that on September 19, 2007, he was stopped by Citrus Heights Police for an expired registration, and arrested for three outstanding warrants.  Id. at 13-

2

14.  Plaintiff was asked for his driver's license but he responded that he did not need one. Plaintiff describes the arrest in which he alleges he was harassed, forced to be separated from his personal property, thrown roughly on top of the trunk of the car, had his hands twisted in handcuffs, and that a taser was pointed at him.  Id.  His claims, however, which do not appear again until page 29, after 15 more pages of ramblings, are limited solely to his claimed constitutional right to lawfully travel in his car without a license.  Id. at 29, 31.  Most of the 40 pages of ramblings discuss the right to drive without a license.  Nowhere does plaintiff allege any violations with respect to the search and seizure.

Plaintiff does not allege any tenable basis for federal question jurisdiction.  He merely concludes violations of his constitutional rights.  A simple reference to federal law does not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir. 1995).

There is no substantive constitutional right to drive a vehicle.  Miller v. Reed, 176 F.3d 1202, 1205-06 (9th Cir. 1999).  Plaintiff has not alleged the specific amendment of the Constitution which he claims gives him this right.  The right to drive may be limited by the state's police power.  Lillios v. Justices of New Hampshire Dist. Court, 735 F. Supp. 43, 47 (D.N.H. 1990).  In California, a person may not drive a vehicle without a valid driver's license. Cal. Veh. Code § 12500.  Plaintiff can not show that this law is unconstitutional.  Amendment of the complaint will not be permitted as no amendment can cure this defect.

Accordingly, IT IS ORDERED that plaintiff's request to proceed in forma pauperis is denied.

For the reasons stated herein, IT IS RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file

3

1  written objections with the court.  The document should be captioned "Objections to Magistrate

2  Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections

3  within the specified time may waive the right to appeal the District Court's order.

4  DATED: 04/15/08

                                              /s/ Gregory G. Hollows

5

6                                       UNITED STATES MAGISTRATE JUDGE

7  GGH:076 - Pierre1997.ifp.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4